IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICARDO ACEVEDO                                                                PLAINTIFF

      v.                              Civil No. 09-5235

SHERIFF KEITH FERGUSON;
CAPTAIN ROBERT HOLLY;
LT. CARTER; SGT. FRY; SGT.
NANCE; SGT. FINNEGAN;
CPL. ACOSTA; CPL. JOHNSON;
DEPUTY LEASE; and DEPUTY
McCRAINE                                                                           DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Ricardo Acevedo filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

The case is currently before the undersigned for preservice screening under the provisions of the Prison Litigation Reform Act.[1] Specifically, pursuant to 28 U.S.C. § 1915A the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B).

---

[1] When he filed this case, Acevedo was incarcerated in the Benton County Detention Center. For purposes of the application of the provisions of the Prison Litigation Reform Act (PLRA), the status of the plaintiff at the time he files suit determines if he is a prisoner within the meaning of the PLRA. *See e.g., Witzke v. Femal*, 376 F.3d 744 (7th Cir. 2004).

### I. Background

According to the allegations of the complaint and addendum (Doc. 1 and Doc. 7), Acevedo's wife, Cara Acevedo, is deaf. Acevedo alleges that while incarcerated at the Benton County Detention Center (BCDC) he had no means of communicating over the phone with his wife. *Complaint* (Doc. 1) at page 5. Specifically, he maintains the BCDC had no TTY (teletypewriter) system for the hearing impaired and he had no means of calling his wife's TTY system. *Id.*

He could send and receive mail. *Addendum* (Doc. 7) at ¶ 3. He was allowed to have visitors twice a week for approximately fifteen minutes. *Id.* at ¶ 4. His wife does not live alone and he could have communicated with her over the phone by use of the third party. *Id.* at ¶ 5.

Additionally, Acevedo alleges that the handicap shower does not work in D-130. Acevedo maintains that "because of my wife's handicap we are being discriminated against." *Complaint* (Doc. 1) at page 5. Acevedo is not handicapped. *Addendum* (Doc. 7) at ¶ 6.

As relief, he asks that the BCDC be required to provide a TTY system for the hearing impaired. *Complaint* (Doc. 1) at page 5. Further, he asks that the BCDC be required to meet all handicap requirements set forth in the law. *Id.* Finally, he asks for reimbursement of the cost of going through a third party to communicate with his wife. *Id.*

### II. Discussion

This case is subject to dismissal. First, Acevedo's disability-based discrimination claims are not cognizable under 42 U.S.C. § 1983. *Grey v. Wilburn*, 270 F. 3d 607, 610-11 (8th Cir. 2001). Instead, his disability discrimination claims must be brought directly under the Americans with Disabilities Act (ADA). *Id.*

Second, Acevedo is not a qualified individual with a disability within the meaning of the ADA. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The statutory definition of the term "public entity" includes "'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 118 S. Ct. 1952, 1954-55, 141 L. Ed. 2d 215 (1998) (*quoting* 42 U.S.C. § 12131(1)(B)).

Thus, a county detention facility is a public entity within the meaning of the ADA. *See e.g., Gorman v. Bartch*, 152 F.3d 907, 912-13 (8th Cir. 1998)(Definition includes local law enforcement agencies); *Crawford v. Indiana Dep't of Corrections*, 115 F.3d 481, 485 (7th Cir. 1997)(Definition includes every possible agency of state or local government). "A 'qualified individual with a disability' is broadly defined as any person who 'meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.'" *Gorman*, 152 F.3d at 912 (*citing* 42 U.S.C. § 12131(2)). Participation in the covered programs or services need not be voluntary. *Id.*

To state a claim, Acevedo must show that: (1) he is a qualified individual with a disability; (2) that he was excluded from participation in, or denied the benefits of, some service, program, or activity or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999); *Gorman*, 152 F.3d at 911-12; *Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995). Clearly, Acevedo, who is not

-3-

handicapped or disabled in anyway, cannot as a matter of law show he is a qualified individual with a disability or that he was denied some service or benefit because of **his** disability.

### III.  Conclusion

Accordingly, I recommend that the complaint be dismissed with prejudice.  The claims asserted are frivolous and fail to state claims upon which relief may be granted.  28 U.S.C. § 1915A(b).   The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).  I therefore recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of February 2010.

/s/ *Erin L. Setser*
　　HON. ERIN L. SETSER
　　UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)